IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES KNIGHT,

    Plaintiff,

vs.                                  Case No. 4:12-cv-00064-RH-WCS

STATE OF FLORIDA,
DEPARTMENT OF HEALTH,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant STATE OF FLORIDA, DEPARTMENT OF HEALTH ("FDOH") answers Plaintiff's ("Knight's") Complaint and alleges:

### Answer

1. Admitted that this action is brought under chapter 760, Florida Statutes, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981a; denied that Knight is entitled to relief under these federal and state statutes.

2. Without knowledge, therefore denied.

3. Admitted that Knight was previously employed by FDOH and that he is black; otherwise without knowledge and therefore denied.

4. Admitted.

5. Denied.

6. Admitted that Knight was originally employed by FDOH in 2006 and was

employed as a Regulatory Specialist I employee and that he was supervised by Mr. Johnson and Mr. Jusevitch and others; otherwise without knowledge and therefore denied.

7. Denied.

8. Without knowledge and therefore denied.

9. Denied.

10. Admitted that Knight was terminated for reasons that included his excessive absenteeism and that the termination was effective February 4, 2010; otherwise, denied.

11. Without knowledge as to Knight's employment of his attorneys and therefore denied; otherwise denied.

12. FDOH's responses to paragraphs 1-11 are incorporated by reference and are as stated above. Admitted that Knight has included claims brought under Chapter 760, Florida Statutes, but denied he is entitled to any relief under these statutes.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Knight's termination for cause is admitted; otherwise, without knowledge of the allegations of paragraph 18 and therefore denied.

19. Without knowledge and therefore denied.

20. FDOH's responses to paragraphs 1-11 are incorporated by reference and are as stated above.

21. Admitted that Knight has included claims brought under Chapter 760, Florida Statutes, and 42 U.S.C. § 2000e, *et seq.*, but denied he is entitled to any relief under these statutes.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. FDOH's responses to paragraphs 1-11 are incorporated by reference and are as stated above.

29. Admitted that Knight has included claims brought under Chapter 760, Florida Statutes, but denied he is entitled to any relief under these statutes.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

EQUELS LAW FIRM • ATTORNEYS AT LAW • 660 EAST JEFFERSON STREET • TALLAHASSEE, FLORIDA 32301

36. Prayer for Relief: To the extent Knight re-alleges discrimination, violation of laws, and entitlement to reinstatement and fees and costs in her prayer for relief, such allegations are denied.

37. All allegations in the Complaint not specifically admitted are denied.

## Affirmative and Other Defenses

**First Defense:** Plaintiff's Complaint fails to state a cause of action.

**Second Defense:** Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

**Third Defense:** Plaintiff failed to exhaust her administrative remedies.

**Fourth Defense:** Any alleged discrimination or retaliation was not committed by an agent of FDOH.

**Fifth Defense:** Plaintiff failed to mitigate her damages.

**Sixth Defense:** FDOH exercised reasonable care to prevent discrimination and retaliation in the workplace.

**Seventh Defense:** Plaintiff unreasonably failed to take advantage of FDOH's preventative measures.

**Eighth Defense:** Any employment action upon which Plaintiff bases a claim would have been taken by FDOH even in the absence of an impermissible factor.

**Ninth Defense:** Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

EQUELS LAW FIRM • ATTORNEYS AT LAW • 660 EAST JEFFERSON STREET • TALLAHASSEE, FLORIDA 32301

**Tenth Defense:** Any employment action upon which Plaintiff bases a claim was taken by FDOH for legitimate, nondiscriminatory business reasons.

**Eleventh Defense:** If any employee of FDOH actually discriminated or retaliated against the Plaintiff, which FDOH denies, such conduct was outside the offending employee's actual or apparent scope of authority and/or employment with FDOH.

**Twelfth Defense:** Plaintiff's alleged injuries, if any, were caused by the Plaintiff, or by a third party, or by conditions not within FDOH's control; therefore, Plaintiff is barred from recovery in whole or part against FDOH.

**Thirteenth Defense:** FDOH did not have any intent to discriminate against the Plaintiff.

**Fourteenth Defense:** Even if Plaintiff is entitled to an award of damages against FDOH, which FDOH denies, FDOH is entitled to a reduction of the monies demanded by Plaintiff by the amount of any and all monies received by Plaintiff from other sources arising out of the same claims and injuries asserted in the Complaint.

**Fifteenth Defense:** Plaintiff has failed to allege a specific statutory or contract basis for awarding attorney fees, and Plaintiff's claim for such an award should be stricken.

**Sixteenth Defense:** To the extent attorney's fees, costs, and other relief may be claimed under applicable federal statutes, they are limited by the provisions of federal law and the rules of this Court.

**Seventeenth Defense:** To the extent attorney's fees, costs, and other relief may be claimed under applicable state statutes, they are limited by the provisions of state law, including but not limited to §768.28, Florida Statutes.

**Eighteenth Defense:** Plaintiff's damages may be limited or barred by the after-acquired evidence doctrine.

**Nineteenth Defense:** Even if any employee of FDOH actually discriminated against the Plaintiff, which FDOH denies, there is no causal connection between any acts of Defendant or its employees and any adverse employment action taken against Plaintiff.

**Twentieth Defense:** Plaintiff did not receive disparate treatment by Defendant and Plaintiff cannot show that comparable non-black co-workers received more favorable treatment.

WHEREFORE, Defendant Florida Department of Health prays that Plaintiff take nothing from this action and that the Court enter judgment dismissing Plaintiff's claims with prejudice, awarding Defendant its costs of suit and providing such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ J. Stanley Chapman
J. Stanley Chapman
Florida Bar No. 699004
Equels Law Firm
660 East Jefferson Street
Tallahassee, Florida 32301
(850) 222-2900
(850) 222-2933 (facsimile)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 13th day of February, 2012, I electronically filed the foregoing with the Clerk by using the CM/ECF system, who shall furnish a copy to:

Marie A. Mattox, Esquire   marie@mattoxlaw.com
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303.

                                                                     /s/ J. Stanley Chapman